Filed 7/5/23  P. v. Gayle CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C097088 |
| v. | (Super. Ct. No. 20FE008822) |
| ERIC VICTOR GAYLE, | |
| Defendant and Appellant. | |

The trial court found defendant Eric Victor Gayle guilty of assault with a deadly weapon, assault by means of force likely to produce great bodily injury and found he had a 2009 strike conviction for battery in which he stabbed the victim in the abdomen. Defendant here appeals from a remand for resentencing that was due to him being improperly sentenced out of his presence.  He argues the trial court should have dismissed the five-year serious felony enhancement under Penal Code section 667, subdivision (a),[1] because of changes to section 1385, subdivision (c) brought about by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) (Stats. 2021, ch. 721). Finding that the trial court acted within its discretion, we affirm.

_____

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

An amended information charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1)) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). The information also alleged defendant had a strike conviction in February 2009 for battery with serious bodily injury (§§ 243, subd. (d), 12022.7). (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12.)

The underlying facts of the current crimes were that defendant went to the front yard of his father's house. When his father told defendant to leave and defendant refused, defendant's sister approached the two. Defendant ran into the house, grabbed a knife, and started waving it around. Defendant then sat on the couch, speaking of evil spirits and demanding that his sister pay him $20,000 to leave the house. Next, defendant stood up, headbutted her, stabbed her right hand and ran outside.

After a bench trial, the court found defendant guilty of both counts and found the enhancement true. The trial court sentenced defendant to the upper term of four years on the assault with a deadly weapon count doubled due to his strike conviction, a stayed three-year term on the other assault charge doubled due to his strike conviction, plus a five-year term for the serious felony enhancement for a total of 13 years in prison.

Defendant appealed, and this court vacated his original sentence and remanded the matter for a full resentencing because the trial court improperly sentenced defendant out of his presence. (*People v. Gayle* (Nov. 4, 2021, C093272) [nonpub. opn].)

In his resentencing memorandum, defendant argued the trial court must dismiss the enhancements pursuant to changes Senate Bill 81 made to section 1385. Defendant reiterated these arguments in a separate motion to dismiss his strike conviction and the five-year serious felony enhancement pursuant to section 1385 and provided the new language of the statute to the trial court. He argued the trial court should dismiss his strike conviction and section 667, subdivision (a) enhancement because that crime was committed when he was a juvenile (this was actually a mistake because defendant was

2

50 years old at the time of the prior conviction) and because that crime was more than 12 years old.

In response, the prosecution highlighted defendant's 14 prior convictions between 1982 and 2009. Three of those were felonies: (1) a 2019 conviction for taking and driving a car; (2) the 2009 strike conviction, where defendant stabbed the victim in the abdomen; and (3) a 1982 conviction for possession of a controlled substance for sale.

At resentencing, the prosecution argued defendant fell within the spirit of the three strikes law because he was on felony probation when he committed the current crimes, his prior crime (stabbing the victim in the abdomen) and current crimes were the same, and he had a lengthy criminal record.

On the motion to strike his prior strike, the court found as follows: "The Court has considered this *Romero* issue—actually, I considered it at the time of the original sentencing at some length, but the spirit and intent of the strike legislation and the public expression in connection with strike history is such that it is the Court's assessment that the intention and view and focus of the strike law is to identify those offenders who continue to affront society with concerns of—that they will—members of society will suffer injury at the hands of the Defendant. The area of concern in this regard has to do with crimes generally—that is to say somebody who continues to commit crimes—but much more specifically and significantly with violent crimes. [¶] The sad fact is that the Defendant Mr. Gayle has been intersecting with the criminal justice system on a fairly regular basis since 1982. I count a felony in '82, a misdemeanor in '82, a misdemeanor in '83, again in '92, again in 2003, again in 2004, again in 2007, four more in 2007. Then a 2008 misdemeanor. And then in 2009, an assault with a deadly weapon with the infliction of great bodily injury. [¶] And the deadly weapon in that particular was a knife, and the victim was stabbed in the abdomen. [¶] The Court notes that the weapon in the assault with a deadly weapon count in this case was also a knife. [¶] It is clear to the Court that the strike laws and the policy underlying strike sentencing is intended,

3

beyond any doubt, to apply to people who find themselves in the posture of Mr. Gayle, with a criminal history such as he has, and with the most recent conviction and new commitment offense such as he has. [¶] And, consequently, the strike will not be struck."

Defendant also requested that the trial court strike the five-year serious felony enhancement. The court responded: "I am imposing the 'nickel' prior, the five years, and the reason I am doing that is because there, in fact, is a very legitimate concern about the Defendant's propensity to endanger the public. I indicated in earlier parts of this proceeding the criminal history and particularly the recent series of violent conduct that the Defendant engaged in, going back to the prison commitment and then forward to the current offenses. [¶] It does concern me, Mr. Gayle, and I don't want you to be inflicting injuries on people in the future. So I do think that this 'nickel' prior, which I have discretion not to impose, is appropriate because I think that the total sentence should be something in the neighborhood of what I gave you before."

The trial court sentenced defendant to the middle term of three years doubled by the strike prior to six years for count one. (§ 245, subd. (a)(1).) The trial court imposed, and stayed under section 654, a three-year term for count two. (§ 245, subd. (a)(4).) And the trial court imposed a consecutive five-year term for the prior serious felony enhancement. The total sentence was 11 years in state prison. Defendant timely appealed.

DISCUSSION

Defendant contends the trial court should have dismissed the five-year prior serious felony enhancement because imposing it violated section 1385, subdivision (c)(2)(F). We disagree.

"In 2021, the Legislature enacted [Senate Bill 81], which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021,

4

ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)  These factors were set forth in subdivision (c)(2) of section 1385.  (*Sek*, at p. 674, fn. 7.)  We review the trial court's refusal to dismiss an enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

Subdivision (c)(1) of section 1385 as amended provides:  "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 provides in relevant part:  "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  As relevant here, section 1385, subdivision (c)(2)(H) identifies enhancements based on prior convictions that are more than five years old.  Also, section 1385, subdivision (c)(2)(F) identifies situations where the current felony is not a violent felony as defined under section 667.5, subdivision (c).

Read together, these phrases direct the trial court to give great weight to the enumerated mitigating circumstances and that such their proof weighs greatly in favor of dismissing the enhancement.  However, if the court finds dismissing the enhancement would endanger public safety, proof of a mitigating circumstance does not weigh greatly in favor of dismissal.  (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 20-21.)

Here, in alignment with the new language of section 1385 provided to it by defendant twice in the briefing the court reviewed, the trial court found striking this enhancement would endanger public safety.  The trial court found defendant had a long criminal career starting in 1982 and continuing to the present date.  While most of these

5

convictions were misdemeanors, the trial court noted he had three felony convictions during that time frame.

Further, the conviction for which the court imposed the prior conviction enhancement was a case where defendant used a knife to stab someone, just like he did here when he used a knife to stab his sister.

Finally, the trial court presided over the trial where it heard evidence defendant headbutted the victim and stabbed her with a kitchen knife. Defendant testified during those proceedings, and the trial court was well within its discretion to add its impression of defendant to its sentencing calculus where it found defendant's prior conduct, his conduct underlying the instant conviction, and his extended criminal record meant he was a danger to public safety. The trial court stated it did not want defendant to inflict any more injuries on people in the future. The trial court thus found that defendant would be a danger to public safety if the enhancement was not applied. The record supports this finding, and the trial court did not abuse its discretion in imposing the five-year prior serious felony enhancement.

DISPOSITION

The judgment is affirmed.

                                      /s/
                                        MESIWALA, J.

We concur:


 /s/
DUARTE, Acting P. J.


 /s/
BOULWARE EURIE, J.